J-A08023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT MAYS | : | |
| | : | |
| Appellant | : | No. 2918 EDA 2023 |

Appeal from the PCRA Order Entered October 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002270-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT MAYS | : | |
| | : | |
| Appellant | : | No. 2919 EDA 2023 |

Appeal from the PCRA Order Entered October 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002271-2017

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:  **FILED JULY 22, 2025**

Robert Mays appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He maintains that he is entitled to relief because his trial counsel was ineffective for failing to request an alibi instruction. We vacate the order and remand for an evidentiary hearing.

After a jury trial, Mays was found guilty of various sexual offenses against two minors, S.T. and M.T.M. This appeal only concerns Mays' case with respect to S.T., who is the niece of Mays' paramour. S.T. testified at trial that she lived with her aunt and Mays in the summer of 2015 after her school year ended on June 21, 2015 and stayed there until school began in August 2015. S.T. said that the crimes against her occurred during this period. Prior to trial, Mays filed a notice of alibi defense averring that he was incarcerated from June 6, 2015 to November 18, 2015. At trial, Mays presented the custodian of records from the Philadelphia Department of Prisons who confirmed that the prison records indicated that Mays was in prison from June 6, 2015 to November 18, 2015. N.T., 2/13/19, at 162-67. In closing arguments, defense counsel argued that Mays was in prison when the crimes against S.T. were alleged to have occurred. N.T., 2/14/19, at 19-22. However, counsel did not request an alibi instruction to the jury.

Mays was found guilty of unlawful contact with a minor, corrupting the morals of a minor, and indecent assault without consent. Mays appealed from the judgment of sentence, and this Court affirmed. **Commonwealth v. Mays**, 256 A.3d 30, 2021 WL 1929297 at *1 (Pa.Super. filed May 13, 2021) (unpublished mem.). The Pennsylvania Supreme Court denied Mays' petition for allowance of appeal on December 30, 2021.

Mays filed the instant, timely PCRA petition in September 2022. The PCRA court appointed counsel, who filed an amended petition, on March 29, 2023. On September 1, 2023, the PCRA court issued notice of its intent to

dismiss the petition pursuant to Pa.R.Crim.P. 907. The court dismissed the petition on October 13, 2023. This appeal followed.

Mays raises a single issue: "[W]hether trial counsel, having given timely alibi notice, was ineffective for failing to request an alibi instruction to the jury." Mays' Br. at 6.

The PCRA court asks us to remand this matter for an evidentiary hearing to assess whether trial counsel had a reasonable basis for not requesting an alibi instruction. The PCRA court explained:

> The issue presented is whether trial counsel, having given timely alibi notice, was ineffective for failing to request an alibi instruction to the jury. The question turns on whether the conduct against S.T. for which [Mays] was convicted was alleged to have occurred between June 6, 2015 and November 18, 2015, when [Mays] was unquestionably incarcerated.
>
> In dismissing [Mays'] Petition, we concluded that the testimony, in the light most favorable to the Commonwealth as the verdict winner, left the possibility that the conduct as to S.T. could have occurred as early as May of 2015 or as late as September of 2016, as alleged in the amended Information, and therefore the failure to request and [sic] alibi instruction where the alibi did not cover the entire period during which the offenses occurred did not constitute ineffectiveness by trial counsel. **See**, September 1, 2023, Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907. In reviewing the record in the course of preparing this memorandum opinion, we have come to the conclusion that we were in error in this regard, and that there should have been a hearing on trial counsel's failure to request an instruction on the alibi he argued to the jury.

PCRA Court Opinion, filed May 20, 2024, at 2. We agree that remand is necessary.

"An alibi is a defense that places a defendant at the relevant time at a different place than the crime scene and sufficiently removed from that location such that it was impossible for him to be the perpetrator." *Commonwealth v. Sileo*, 32 A.3d 753, 767 (Pa.Super. 2011) (*en banc*). "Where [alibi] evidence has been introduced, a defendant is entitled to an alibi instruction to alleviate the danger that the jurors might impermissibly view a failure to prove the defense as a sign of the defendant's guilt." *Commonwealth v. Bryant*, 855 A.2d 726, 741 (Pa. 2004) (citation omitted).

When reviewing the absence of an alibi instruction in the context of a claim of ineffective assistance of counsel, counsel's failure to request an alibi instruction does not establish prejudice *per se*. *Commonwealth v. Hawkins*, 894 A.2d 716, 729 (Pa. 2006). Rather, a petitioner must satisfy the three-pronged test for ineffectiveness of counsel: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Id.* at 721, 729; *see also Sileo*, 32 A.3d at 758 (stating "all three aspects of the ineffectiveness test [must] be satisfied before a new trial can be awarded on the ground that trial counsel was ineffective for failing to request an alibi instruction").

In *Hawkins*, our Supreme Court found that a petitioner's claim that trial counsel was ineffective for failing to request an alibi instruction had arguable merit, satisfying the first prong of the ineffectiveness test. 894 A.2d at 729. However, the Court found that trial counsel had a reasonable basis for

- 4 -

declining to seek an alibi instruction and thus, was not constitutionally ineffective. The Court explained:

> Distinguishing this case from those cases interpreted by the lower court is the detailed record in the instant case of trial counsel's rationale for consciously declining to seek the instruction . . . [C]ounsel explained that in his twenty years of experience he had come to the conclusion that where alibi testimony is weak, or is predicated on the defendant's testimony alone, calling attention to that testimony explicitly as alibi evidence disserves the defendant's interests. Notably, he did not suggest that such testimony itself serves no purpose, nor did he suggest that counsel should not highlight alibi evidence for the jury in closing. He simply expressed his discomfort, under the circumstances at bar, with the expectations a specific alibi instruction might raise in the minds of the venire, and explained that it was his practice to avoid disappointing such expectations where possible. We would be hard-pressed to find a better exemplum of counsel expressing a reasonable basis for declining, as a tactical matter, to avail himself of a particular jury instruction to which his client unequivocally was entitled.

*Id.* at 730.

Here, since the PCRA court did not hold an evidentiary hearing, the record is devoid of an explanation of the reason why trial counsel did not request an alibi instruction. Our Supreme Court "has expressed a preference for an evidentiary hearing on counsel's strategy before determining counsel lacked a reasonable basis for his or her actions or inactions." ***Commonwealth v. Cousar***, 154 A.3d 287, 299 (Pa. 2017). Indeed, "[t]he reasonableness of an attorney's strategic or tactical decisionmaking [sic] is a matter that we usually consider only where evidence has been taken on that point."

- 5 -

***Commonwealth v. Perez***, 103 A.3d 344, 351 (Pa.Super. 2014) (citation omitted). On this record, we are unable to determine whether trial counsel's actions were reasonable. We therefore remand the case for an evidentiary hearing limited to the basis of trial counsel's decision not to request an alibi instruction.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2025